**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 03-2199

UNITED STATES OF AMERICA,

Appellee,

v.

BENJAMIN F. ROLLINS,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Campbell, Senior Circuit Judge,
and Selya, Circuit Judge.

---

Brian M. Glover on brief for appellant.
Craig N. Moore, United States Attorney, Donald C. Lockhart, Assistant U.S. Attorney, and Adi Goldstein, Assistant U.S. Attorney, on brief for appellee.

---

October 29, 2004

**Per Curiam**.   The issue in this sentencing appeal is whether larceny from the person is a "crime of violence" within the meaning of the Sentencing Guidelines.  Because this court already decided that issue in the affirmative in United States v. De Jesus, 984 F.2d 21 (1st Cir. 1993), the defendant's sentence--which was based, in pertinent part, on his prior conviction of  a "crime of violence," i.e., larceny from the person--is summarily affirmed.

If a defendant convicted of violating 18 U.S.C. § 922(g) has a prior conviction for a "crime of violence," the defendant's base offense level is automatically 20.   USSG App. A; USSG § 2K2.1(a)(4)(A).  For this purpose, "crime of violence" is defined as an offense that

(1)  has  as  an  element  the  use,  attempted  use,  or threatened use of physical force against the person of another, or

(2)  . . . involves conduct that presents a serious potential risk of physical injury to another.

USSG § 2K2.1, comment. (n.5); § 4B1.2(a).

In the district court, defendant focused only on subsection (1) of that definition and argued that the Rhode Island larceny-from-the-person statute does not have "as an element the use, attempted use, or threatened use of physical force against the

person of another."  That argument is a "straw man"; neither the Probation Department, the government, nor the district court relied on subsection (1) of that definition.  On appeal, defendant argues, for the first time, that the Rhode Island statute also does not satisfy subsection (2) of that definition.  Leaving to one side that defendant forfeited the latter argument by failing to make it below, see B & T Masonry Constr. Co. v. Pub. Serv. Mut. Ins. Co., 2004 WL 1921827 *3 (1st Cir. Aug. 30, 2004), that argument is foreclosed by this court's decision in De Jesus.

In De Jesus, this court, applying subsection (2) of the above definition, held that "as the crime of larceny from the person under Massachusetts law bears an inherent risk of violent outbreak, it constitutes a crime of violence" within the meaning of Guideline § 4B1.2(a).  De Jesus, 984 F.2d at 25; see also id. at 24 n.6.  The court reached that conclusion even though the Massachusetts statute has been construed to apply to stealing not only from the victim's person but also "'from the presence of the victim,'" that is, from "within his area of control."  Id. at 23 (quoting Commonwealth v. Subilosky, 352 Mass. 153, 166, 224 N.E.2d 197, 206 (1967)).  If anything, conduct that violates the Rhode Island statute at issue here, which applies to stealing from the victim's "immediate presence," State v. Shepard, 726 A.2d 1138, 1140, 1142 (R.I. 1999) (emphasis supplied), is even more likely than its Massachusetts counterpart to involve violence between the offender and the

-3-

victim. Therefore, the district court was correct in concluding that De Jesus is controlling here.

Nevertheless, defendant argues that, "[despite] this precedent, . . . Larceny From the Person, by its nature, does not present a substantial risk of personal injury." In so arguing, defendant appears to be asking that De Jesus be overruled, which a panel of this court may not do. See United States v. Downs-Moses, 329 F.3d 253, 263 (1st Cir.), cert. denied, 124 S. Ct. 305 (2003).

Moreover, overruling De Jesus would be unwarranted because its analysis and conclusion are consistent with Supreme Court precedent as to how the Guidelines' definition of "crime of violence" should be applied, see Taylor v. United States, 495 U.S. 575, 602 (1990), and with the decisions of every other circuit that has considered whether larceny from a person is a "crime of violence" under that definition, see United States v. Smith, 359 F.3d 662, 665 (4th Cir. 2004) (collecting cases).

Defendant here does not take issue with the categorical approach dictated by Taylor and applied in De Jesus. Rather, he argues that the De Jesus panel erred in categorizing a violation of the Rhode Island statute as a "crime of violence" because "while some instances of Larceny of the Person may present a serious potential risk of serious injury to another, there are numerous ways in which no potential risk of serious injury arises, let alone a serious one." That argument, however, was expressly considered

-4-

and rejected in <u>De Jesus</u> itself.  As this court explained there, such an argument is foreclosed by <u>Taylor</u>, under which "[t]he linchpin of the taxonomy . . . is not the breadth of the statutory sweep but the degree of risk, expressed in terms of the probability of physical harm presented by the mine-run of conduct that falls within the heartland of the statute."  <u>De Jesus</u>, 984 F.2d at 24. Thus, although larceny from the person "'typically involves no threat of violence,' the risk of ensuing struggle is omnipresent." <u>Id.</u> (quoting <u>United States</u> v. <u>McVicar</u>, 907 F.2d 1, 2 (1st Cir. 1990)); <u>see</u> <u>also</u> <u>United States</u> v. <u>Howze</u>, 343 F.3d 919, 924 (7th Cir. 2003) (categorizing larceny from the person as a crime of violence because every such larceny "entails a close encounter between criminal and victim, an encounter that creates the potential not only for violence but also for injury caused by the act of taking").

Accordingly, defendant's sentence is <u>summarily affirmed</u>.  <u>See</u> Loc. R. 27(c).